fer from the acts or omissions of another, does not give a right of action against such other. Some injury must actually result from such act or omission. A mere liability to be injured is not equivalent to an actual injury. But in this case, I think the plaintiff is more than merely liable to the United States for this money. The law makes him absolutely responsible for the conduct of his deputies, and also charges him with the whole of the taxes contained in the lists delivered to him for collection. Prima facie, the amount of the tax list is a fixed and ascertained indebtedness, for the payment of which he has given bond. This sum collected by Johnson, he is bound to pay. The condition of the bond is to keep the plaintiff harmless from any liability on account of any act or omission of Johnson's. In this respect the complaint follows the terms of the condition, and, so far as the bond is concerned, is a sufficient statement of a cause of action in any view of the matter. But it is doubtful if this court has jurisdiction of an action between these parties for a mere liability upon this bond, because the act of 1866 limits the jurisdiction to cases where the officer or person shall receive an injury to his person or property. Instead of making the allegation of the complaint in the language of the bond, it would have been proper to have averred the fact to be, as it was admitted on the argument, that the plaintiff had already paid over the amount to the United States. If so, he has received an injury to his property to that extent—he has lost so much of it on account of his act in appointing Johnson deputy collector of taxes. But I think it proper, under the circumstances, to hold, that as this amount of taxes was charged to the plaintiff by the government, the money for the time being is to be considered as his own, and therefore taken or embezzled from him by Johnson, to his injury. The demurrer is overruled and judgment must be given for the plaintiff.

---

CRAWFORD (MARSHALL v.). See Case No. 9,126.

CRAWFORD (MATHUSON v.). See Case No. 9,279.

---

## Case No. 3,370.

### CRAWFORD v. MILLIGAN.

[2 Cranch, C. C. 226.] [1]

Circuit Court, District of Columbia. April Term, 1821.

PROMISSORY NOTE—DEMAND AND NOTICE.

If a note fall due on Saturday, and payment be demanded of the maker on that day, notice to the indorser, on Monday, is not too late.

Assumpsit against the indorser of a promissory note, which became due on Saturday.

---

[Reported by Hon. William Cranch, Chief Judge.]

Payment was demanded of the maker of the note on that day, and notice of the non-payment by the maker was given to the defendant on the following Monday.

THE COURT (nem. con.) decided that the notice was not too late.

---

## Case No. 3,371.

### CRAWFORD v. SLYE.

[4 Cranch, C. C. 457.] [1]

Circuit Court, District of Columbia. March Term, 1834.

SLAVERY.

The list of slaves required by the eleventh section of the Maryland act of 1796 (chapter 67) must designate the sex. The name "Jo" does not designate the sex.

Petition for freedom. The importation of the slave (the petitioner [Jos. Crawford]) was alleged to be justified under the 11th section of the Act of Maryland, 1796, c. 67, which requires a list of the slaves so imported, distinguishing their sex. The list merely calls the slave "Jo."

Mr. Key and Mr. Wallach, for petitioner.
Marbury & Brent, for defendant.

THE COURT (THRUSTON, Circuit Judge, absent) decided that the list required by the eleventh section must be such as is required by the eighth, and must designate the sex as well as the name; and that the list offered does not designate the sex; and that, therefore, the petitioner is entitled to freedom.

---

CRAWFORD (SMITH v.). See Case No. 13,030.

CRAWFORD (UNITED STATES v.). See Case No. 14,890.

CRAWFORD (VAN CAMPBUSH v.). See Case No. 2,224.

---

## Case No. 3,372.

### CRAWFORD et al. v. The WILLIAM PENN.

[1 Pet. C. C. 106.] [2]

Circuit Court, D. New Jersey. April Term, 1815.

ACTION BY ALIEN ENEMY.

1. The general rule of the common law of England is, that an alien enemy cannot maintain an action, in the courts of that country, in his own name, during the war.

2. A person beneficially interested in a suit, if alien enemy, cannot support a suit in the name of his trustee, who is not an alien.

3. It is otherwise, if the contract upon which suit is brought, arises out of a trade licensed by the government in whose courts redress is sought; and enemy interest, will not defeat such a suit.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reported by Richard Peters, Jr., Esq.]